UNITED STATES, Appellee,

v.

Bennette M. WATKINS,
Seaman Recruit U.S.
Navy, Appellant.

No. 50847.
NMCM 84–2778.

U.S. Court of Military Appeals.

Jan. 13, 1986.

For Appellant: *Lieutenant Colonel M.W. Lucas, USMC* and *Major Michael E. Canode, USMC* (on brief).

For Appellee: *Captain W.J. Hughes, JAGC, USN* and *Lieutenant J.K. Ianno, JAGC, USNR* (on brief).

### Opinion of the Court

COX, Judge:

The accused was tried by special court-martial for violations of Articles 85, 86, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, and 921, respectively. Pursuant to his negotiated pleas, he was convicted of one specification of desertion and two specifications of absence without leave in violation of Articles 85 and 86. The accused was sentenced by military judge sitting alone to confinement for 4½ months, forfeiture of $200.00 pay per month for 5 months, and a bad-conduct discharge. The convening and supervisory authorities approved the sentence. The Court of Military Review affirmed.

This Court specified the following issues for review:

## I

WHEN A DEFENDANT ENTERS PLEAS OF GUILTY TO A SPECIFICATION CHARGING AWOL WITHOUT STATING THAT THE ABSENCE WAS WITHOUT AUTHORITY, SHOULD THE SPECIFICATION BE DISMISSED?

## II

SHOULD *UNITED STATES V. SCHULTZ*, 16 U.S.C.M.A. 488, 37 C.M.R. 108 (1967), AND *UNITED STATES V. FOUT*, 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953), BE OVERRULED WHERE A PROVIDENT GUILTY PLEA HAS BEEN ENTERED?

We hold that, under the circumstances of this case, the defect in the specification, which did not prejudice the accused, does not warrant dismissal and affirm.

Among other offenses, the accused was charged with two violations of Article 86 of the Code. Although specification 1 of Charge I contained the allegation of "without authority," specification 2 failed to do so, reading as follows:

> In that Seaman Recruit Bennette Marcellus Watkins, U.S. Navy, Naval Station, Charleston, South Carolina, on active duty, did, on or about 26 April 1978 absent himself from his unit, to wit: USS Mullinnix, located at Charleston, South Carolina, and did remain so absent until on or about 2 May 1978.

It has been black-letter law in the military since *United States v. Fout*, 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953), that a specification under Article 86 is fatally defective if it does not allege that the absence was "without authority." For this reason, it is surprising that the sufficiency of the specification has been questioned, for the first time, at this level of appeal.

■ The sixth amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." Charging documents are tested by whether they sufficiently apprise the accused of what he must be prepared to meet and protect him from further prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Schwarz*, 15 M.J. 109 (C.M.A.1983); para. 87*a* (2), Manual for Courts-Martial, United States, 1969 (Revised edition). A specification need not expressly allege all elements of the offense, but it must aver all elements at least by fair implication. *United States v. Schwarz, supra* at 111; *United States v. McCollum*, 13 M.J. 127, 129 (C.M.A.1982).

■ A flawed specification first challenged after trial, however, is viewed with greater tolerance than one which was attacked before findings and sentence. *United States v. Whyte*, 1 M.J. 163 (C.M.A. 1975); *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). Although failure of a specification to state an offense is a fundamental defect which can be raised at any time,[1] we choose to follow the rule of most federal courts of liberally construing specifications in favor of validity when they are challenged for the first time on appeal.[2]

The post-conviction liberal construction rule has been expressed as follows:

> Technically, a claim that the indictment does not charge an offense may be raised on a motion in arrest of judgment ... But the courts of the United States long ago withdrew their hospitality toward technical claims of invalidity of an indictment first raised after trial, absent a

---

1. *See* para. 68*b* (1), Manual for Courts-Martial, United States, 1969 (Revised edition); R.C.M. 907(b)(1)(B), Manual for Courts-Martial, United States, 1984.

2. *See United States v. Edrington*, 726 F.2d 1029, 1031–32 (5th Cir.1984); *United States v. Previte*, 648 F.2d 73, 80 (1st Cir.1981); *United States v.*

*Pheaster*, 544 F.2d 353, 361 (9th Cir.1976); *McGann v. United States*, 249 F.2d 431, 432 (4th Cir.1957), *cert. denied*, 356 U.S. 923, 78 S.Ct. 708, 2 L.Ed.2d 718 (1958). *See also* Wright, *Federal Practice and Procedure: Criminal* 2d § 123 at 354–55 (1982).

clear showing of substantial prejudice to the accused—such as a showing that the indictment is "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." [Citations omitted.]

*United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965), *cert. denied*, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966).

Similarly, the rule was expressed by the Sixth Circuit as follows:

[U]nless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction unless the indictment cannot within reason be construed to charge a crime.

*United States v. Hart*, 640 F.2d 856, 857–58, *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981).

■ In addition to viewing post-trial challenges with maximum liberality, we view standing to challenge a specification on appeal as considerably less where an accused knowingly and voluntarily pleads guilty to the offense. *United States v. Hoskins*, 17 M.J. 134, 135 (C.M.A.1984). This accused was charged with and pleaded guilty to absence without leave, "one of the simplest of all military offenses," which "consists of being away from duty without permission." *United States v. Care*, 18 U.S.C.M.A. 535, 540, 40 C.M.R. 247, 252 (1969).

He entered pleas of guilty pursuant to a pretrial agreement. The agreement, which was signed and initialed by the accused, specifically stated that he agreed to plead guilty to two specifications of "unauthorized absence" under Charge I. When informed separately of the elements of each absence-without-leave offense by the military judge, the accused stated that he understood the elements and admitted that his absence on each occasion was without authority. The military judge personally determined the accused's understanding of the law in relation to the facts as required

by *United States v. Care, supra*, and, unlike the accused in *United States v. Fout, supra*, the accused here successfully completed an exhaustive providence inquiry based upon the two specifications of absence without leave.

Specification 1 of Charge I informed the accused that the absence alleged in that specification was without authority. Specification 2 informed the accused that he was alleged to have absented himself from his ship for another specified period and that this absence was also in violation of Article 86 of the Code. In this context, the words "absent himself" in the specification can reasonably be construed to imply that the absence was only self-excused and not with permission of competent authority.

It is clear that the accused was not misled, as he pleaded guilty to both specifications, had the elements of absence without leave correctly explained to him during the providence inquiry, and admitted that he understood the offenses to contain the element "without proper authority." Also, there is no danger to the accused in terms of double jeopardy, as the record will protect him from further prosecution for the same offense.

Where, as here, the specification is not so defective that it "cannot within reason be construed to charge a crime," the accused does not challenge the specification at trial, pleads guilty, has a pretrial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice, the conviction will not be reversed on the basis of defects in the specification. Thus, under the circumstances of this case, the specification is sufficient to withstand challenge at this late stage of the proceedings. To the extent that *United States v. Fout, supra*, holds to the contrary, it is overruled.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.