# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Carlos MARTINEZ
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24419

## Docket No.  1321

## 25 February 2010

Special Court-Martial convened by Commanding Officer, Coast Guard Training Center Yorktown.  Tried at Yorktown, Virginia, on 22 July 2008.

| | |
|---|---|
| Military Judge: | CDR Sean P. Gill, USCG |
| Trial Counsel: | LT Neal J. Lawson, USCGR |
| Military Defense Counsel: | LT Carin M. Cozza, JAGC USN |
| Appellate Defense Counsel: | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | CDR Stephen P. McCleary, USCG |

## BEFORE
## McCLELLAND, LODGE & TOUSLEY
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of attempted larceny, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of conspiring to commit larceny, in violation of Article 81, UCMJ; two specifications of failing to go to appointed place of duty, in violation of Article 86, UCMJ; one specification of failing to obey a lawful order, in violation of Article 92, UCMJ; one specification of wrongful appropriation, in violation of Article 121, UCMJ; and one specification each of receiving stolen property and public drunkenness, both in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for seventy-five days, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence as

1

adjudged, and suspended confinement in excess of fifty days for six months, pursuant to the pretrial agreement.

Before this Court, Appellant initially assigned as error that he was denied the effective assistance of counsel during sentencing and during post-trial matters. The Assignment of Error was supported by, among other things, an affidavit of Appellant. Appellant's motion to attach the affidavit, accompanied by a copy of the affidavit with the understanding that counsel awaited arrival by mail of the original signed affidavit, was granted on 12 November 2009 with the proviso that the copy would be replaced by the original once received.

On 20 January 2010, Appellant, through his counsel, moved to withdraw the Assignment of Error. Counsel averred that she "was unable to procure the signed original affidavit from Appellant necessary to support the proffered Assignment of Error. As such, and without admitting that the findings and sentence are correct in law and fact," counsel submitted the case on its merits as to any and all errors. On 2 February 2010, this Court granted the motion.

We note that the two specifications of Additional Charge I under Article 86, UCMJ lack the words "without authority." They are legally insufficient, demonstrating carelessness on the part of the Government. However, where the issue was not raised at trial, Appellant pleaded guilty to the two specifications, the elements were correctly explained to him including the element of "without authority," and he satisfactorily completed a providence inquiry, we will not set aside the convictions. *See United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986).[1]

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

---

[1] Even if we were to set aside the Article 86 charge, we are certain that the military judge would have adjudged the same sentence without it.



For the Court,


Amber K. Riffe
Deputy Clerk of the Court