UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class EDWIN M. THOMAS
 United States Army, Appellant

 ARMY 20100463

 Headquarters, U.S. Army Aviation and Missile Command
 Patrick J. Parrish, Military Judge
 Colonel Craig A. Meredith, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Laura R. Kesler, JA; Captain Jennifer A. Parker, JA (on
brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA (on brief).

 24 August 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, pursuant to his pleas, of attempted indecent language with a
minor, in violation of Article 80, Uniform Code of Military Justice, 10
U.S.C. § 80 (2008) [hereinafter UCMJ], and wrongful download and possession
of more than twenty files of child pornography in circumstances prejudicial
to good order and discipline and of a nature to bring discredit upon the
armed forces, in violation of Article 134, UCMJ.[1] Appellant was
sentenced to a dishonorable discharge, confinement for thirty months, and
reduction to the grade of E-1. The convening authority approved the
adjudged sentence.
 Appellant raised two assignments of error, only one of which merits
brief discussion, but no relief. In substance, appellant claims that he
was not actually charged with attempted indecent language with a minor, but
with an attempt to commit an unlisted, general disorder. Citing United
States v. Redlinski, 58 M.J. 117 (C.A.A.F. 2003), appellant claims the
military judge therefore abused his discretion by accepting appellant’s
plea of guilty without explaining the elements of the charged offense. We
disagree with appellant as to both the applicable legal analysis and to the
merit of his claim. At its core, appellant’s argument is not a challenge
to the providency of his plea but to the sufficiency of the specification,
which, liberally construed, states the offense of attempted indecent
language with a minor.

 “The Constitution protects against conviction of uncharged offenses
through the Fifth and Sixth Amendments.” United States v. Fosler, ___ M.J.
___, ___, slip op. at 10 (C.A.A.F. 8 Aug. 2011) (citation omitted).
Whether a specification states an offense is a question of law that is
reviewed de novo. United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F.
2006). A specification states an offense if it “alleges every element of
[the offense] either expressly or by necessary implication, so as to give
the accused notice and protect him against double jeopardy.” United States
v. Roach, 65 M.J. 866, 869 (Army Ct. Crim. App. 2007) (quoting United
States v. Dear, 40 M.J. 196, 197 (C.M.A.1994)) (internal quotation marks
omitted); Rule for Courts-Martial 307(c)(3). “A flawed specification first
challenged after trial . . . is viewed with greater tolerance than one
which was attacked before findings and sentence.” United States v.
Watkins, 21 M.J. 208, 209 (C.M.A. 1986). Specifications challenged for the
first time on appeal are “liberally construed” in favor of validity
especially where an accused knowingly and voluntarily pleads guilty. Id.
at 209–10.

 In this case, appellant did not object to the sufficiency of the
specification at trial. In fact, appellant, his defense counsel, the trial
counsel, and the military judge all agreed that the specification at issue
alleged attempted indecent language with a minor. The specification reads
in part: “[Appellant did attempt] to engage in indecent communications
[with a minor], to wit: by sending a photograph of his penis and suggesting
she ‘suck his penis,’ or words to that effect, which conduct was
prejudicial to good order and discipline and of a nature to bring discredit
upon the Armed Forces.”

 Although the foregoing specification at issue departs in certain
respects from the sample specification, Manual for Courts-Martial, United
States (2008 ed.) [hereinafter MCM], Part IV, para. 89.f., it nonetheless
alleges every element of indecent language with a minor, either expressly
or by necessary implication. The elements of communicating indecent
language to a minor are: (1) that the accused orally or in writing
communicated to another person certain language; (2) that the person to
whom the language was communicated was a child under the age of 16; (3)
that such language was indecent; and (4) that, under the circumstances, the
conduct of the accused was to the prejudice of good order and discipline or
was of a nature to bring discredit upon the armed forces. MCM, Part IV,
para. 89.b. Here, the specification expressly alleges that the accused
communicated with a child under 16 and that such communication was
prejudicial to good order and discipline and of a nature to bring discredit
upon the armed forces.

 Furthermore, a liberal construction of this specification reveals that
it necessarily implies the remaining elements which require the use of
language, and that the language used was indecent. Although the
specification does not expressly state appellant “orally or in writing”
communicated “language,” this element is necessarily implied in the
allegation that appellant “attempted to engage in indecent communications”
by stating “suck his penis, or words to that effect.” In light of
appellant’s decision to plead guilty without objection, we conclude that
the term “indecent communication,” together with the factual allegation of
written language accompanied by a sexual picture, necessarily implies that
appellant used indecent language. Accordingly, the Specification of the
Additional Charge, alleging attempted indecent language with a minor,
states an offense.

 On consideration of the entire record, the assigned errors, and the
matters personally raised by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), we find appellant’s arguments to be
without merit. We hold the findings of guilty and the sentence as approved
by the convening authority correct in law and fact. Accordingly, the
findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] Pursuant to a pretrial agreement, the military judge dismissed a
separate specification alleging a general disorder prejudicial to good
order and discipline and of a nature to bring discredit upon the armed
forces in violation of Article 134, UCMJ.