# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JESSE J. BRAY**
**United States Army, Appellant**

ARMY 20100029

Headquarters, U.S. Army Armor Center and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

10 November 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of an assault consummated by a battery as a lesser included offense of rape, three separate and additional assaults consummated by a battery, an assault consummated by a battery on a child, child endangerment, and obstructing justice, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ].[1] The court-martial sentenced appellant to a bad-conduct discharge, confinement for 6 months, total forfeiture of all pay and allowances, and reduction to the grade of E1. The convening authority approved the sentence as adjudged.

---

[1] Appellant was also acquitted of one specification of aggravated sexual contact, two specifications of assault consummated by a battery, one specification of reckless endangerment, and one specification of kidnapping. In addition, separate specifications of assault consummated by a battery and obstructing justice were dismissed.

BRAY—ARMY 20100029

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial, appellant's assignments of error, and the government's answer. Before this court, appellant asserts for the first time that the offenses of child endangerment and obstructing justice fail to state offenses because neither specification contained reference to a terminal element under Article 134, UCMJ. However, because appellant failed to challenge these specifications at trial, reference to Article 134 was properly made in the relevant charge, and both specifications otherwise properly alleged the offenses for which appellant was convicted, the terminal elements are implied and relief for any defects in the specifications is not warranted. *See United States v. Fosler*, 70 M.J. 225, 231 (C.A.A.F. 2011); *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). In addition, the military judge properly instructed the panel on the terminal elements and appellant made no objection to those instructions. There is, therefore, no reason to conclude that appellant was misled or that he might otherwise suffer prosecution for these same offenses twice. He enjoyed both notice of the offenses against which he had to defend and now enjoys protection against double jeopardy. *Id.* Applying the presumption that the panel properly applied the military judge's instructions,[2] and finding that the evidence is both factually and legally sufficient to properly approve each conviction at issue, we find, on consideration of the entire record, and the assigned errors, the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

---

[2] *See United States v. Jenkins*, 54 M.J. 12, 20 (C.A.A.F. 2000).

2