# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant KEVIN D. GOODMAN**
**United States Army, Appellant**

ARMY 20110144

Headquarters, Fort Bliss
David Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Captain Jack D. Einhorn, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Edward J. Whitford, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

23 November 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

COOK, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated sexual assault of a child who had attained the age of 12 years but had not attained the age of 16 years, and of one specification each of abusive sexual contact of a child who had attained the age of 12 years but had not attained the age of 16 years, indecent acts, sodomy, and furnishing alcohol to a minor, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934 (2008) [hereinafter UCMJ]. Appellant was also convicted, pursuant to his pleas, of one specification alleging adultery and one specification alleging communicating indecent language to a child under 16 years, in violation of Article 134, UCMJ, 10 U.S.C. § 934. *See Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], Part IV, paras. 62.b, and 89.b.  In each instance, the victim was the appellant's step-daughter.  The military judge sentenced appellant to a bad-conduct discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to the grade of E1.  The

convening authority approved the adjudged sentence and granted a waiver of automatic forfeitures for a period of six months from the effective date of sentence.

This case is before the court for review under Article 66, UCMJ. Appellant has raised the following single assignment of error:

> SPECIFICATIONS 2 AND 3 OF CHARGE III FAIL TO STATE AN OFFENSE AS THEY DO NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, "THE TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES V. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

We have considered the record of trial, appellant's assignment of error, the government's answer, and oral argument. We hold that Specifications 2 and 3 of Charge III, when liberally construed, state the offenses of adultery and indecent language.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Together, the charge and specification must "alleg[e], either expressly or by implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). In *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), our superior court held that where the appellant "objected to the specification at trial, and thereafter contested the case, an adultery charge failed to state an offense because it did not expressly or impliedly allege the terminal elements." *Roberts*, __ M.J. ___, slip op. at 5 (Army Ct. Crim. App. 14 Oct. 2011).

Although the adultery charges at issue in both *Fosler* and this case are similar, the procedural posture of the parties is different. At trial, appellant neither objected to the specifications at issue, nor did he contest the case. Before this court, appellant asserts for the first time that the challenged specifications failed to state offenses because neither contained reference to a terminal element under Article 134, UCMJ. As such, a charge or specification "first challenged after trial … is viewed with greater tolerance than one which was attacked before findings and sentence." *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986).

A charge and specification initially challenged on appeal, while being liberally construed, will not be held invalid "absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Id.* at 209-210 (quoting *United States v. Thompson*, 356

F.2d 216, 226 (2d Cir. 1965), *cert. denied*, 384 U.S. 964 (1966)) (internal quotation marks omitted). Additionally, as found in the case before us, "standing to challenge a specification on appeal [is] considerably less where an accused knowingly and voluntarily pleads guilty to the offense." *Watkins* at 210. Therefore, we will not set aside the adultery and indecent language specifications without a clear showing of substantial prejudice. Appellant has failed to make such a showing.

Here, in examining the text of both the unchallenged charge and the unchallenged specifications, we conclude both specifications imply the terminal elements of conduct prejudicial to good order and discipline and service discrediting conduct. The language of the unchallenged charge states that the offense is a "[v]iolation of the UCMJ, Article 134." The language of the unchallenged adultery specification states that appellant, "a married man . . . , wrongfully ha[d] sexual intercourse with a woman not his wife." The language of the unchallenged indecent language specification states appellant "orally communicate[d] to [CS], a child under the age of 16 years, certain indecent language, to wit: 'Do you want to have a threesome with me and my friend, [TH]?'" Construed liberally, the language of this unchallenged charge and these unchallenged specifications necessarily implies appellant's conduct was to the prejudice of good order and discipline in the armed forces and conduct of a nature to bring discredit upon the armed forces. *See Roberts* at 6.

Furthermore, there is ample evidence in the record that appellant was on notice of the charge and specifications against him. Appellant pleaded guilty to the specifications with the benefit of advice from his trial defense counsel. *See also MCM*, Part IV, para. 60.c.(6)(a). In addition, the military judge advised appellant of the elements of adultery and indecent language —to include the terminal elements— after which appellant described how his conduct was both prejudicial to good order and discipline and service discrediting.

There is no reason to conclude appellant was misled or that he might otherwise suffer prosecution for these same offenses twice. He received notice of the offenses against which he had to defend and protection against double jeopardy.

**CONCLUSION**

On consideration of the entire record, the assigned error, and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge SIMS and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court