# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BRANDON A. LOPEZ**
**United States Army, Appellant**

ARMY 20090564

U.S. Army Infantry Center and Fort Benning
James Pohl, Military Judge
Colonel Tracey A. Barnes, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Bradley Voorhees, JA; Captain Brent A. Goodwin, JA (on brief and supplemental pleadings).

For Appellee: Major Christopher B. Burgess, JA; Captain Chad M. Fisher, JA; Major Jennifer H. McGee, JA (on brief).

29 November 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of three specifications of assault and one specification of adultery, in violation of Articles 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ]. Contrary to his pleas, the military judge found appellant guilty of aggravated sexual assault upon a person substantially incapacitated, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.[1] Appellant was sentenced to a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of Private E1. The convening authority approved the adjudged sentence and granted a waiver of automatic forfeitures for a period of six months.

---

[1] Appellant was found not guilty, in accordance with his plea, of one specification alleging unlawful entry in violation of Article 130a, UCMJ.

This case is before us for review pursuant to Article 66, UCMJ, and appellant has raised two assignments of error. In addition, it is evident that the specification of Charge IV, setting forth a violation of Article 134, UCMJ, does not expressly allege a terminal element. We have considered the Article 134 charge and specification in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and we have also considered appellant's assignments of error, the government's answer, and the record of trial. We find harmless error by the military judge in the application of Article 120, UCMJ,[2] and we hold that Charge IV and its specification state an offense under Article 134, UCMJ.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). *Cf. Fosler*, 70 M.J. at 230. Additionally, as found in the case before us, "standing to challenge a specification on appeal [is] considerably less where an accused knowingly and voluntarily pleads guilty to the offense." *United States v. Watkins*, 21 M.J. 208, 210 (C.M.A. 1986).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts* at 5; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). A charge and specification initially challenged on appeal, while being liberally construed, will not be held invalid "absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Watkins* at 209-10 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), *cert. denied*,

---

[2] The military judge erred in applying an instruction that was inconsistent with Article 120, UCMJ. However, under the facts of this case, we are satisfied that this error was harmless beyond a reasonable doubt. The military judge stated the law he was going to apply and demonstrated a clear and correct understanding as to the burden resting solely on the government with regards to the defense of consent and any mistake of fact as to consent. *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011) (citing *Martin v. Ohio*, 480 U.S. 228, 234 (1987)).

384 U.S. 964 (1966)(internal quotation marks omitted)). Appellant has failed to make such a showing.

In this case, appellant did not complain that Charge IV and its Specification failed to state an offense by objecting at trial, in his post-trial submissions to the convening authority, or in his pleadings before this court. The charge sets forth a violation of Article 134, UCMJ, and the specification states the date, location, the identity of the participants, their pertinent status, and the wrongful act. *See, e.g., United States v. Dear,* 40 M.J. 196, 197 (C.M.A. 1994)(holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). Accordingly, this allegation necessarily implies that appellant's conduct was prejudicial to good order and discipline and service discrediting.

Furthermore, there is ample evidence in the record that appellant was on notice of the charge and specification against him. Appellant negotiated a pretrial agreement, pled guilty to the specification with the benefit of advice from his trial defense counsel, and was advised by the military judge of the elements of adultery —to include the terminal elements—after which appellant described how his conduct was both prejudicial to good order and discipline and service discrediting.

We hold that the adultery charge was not so obviously defective that it could not be reasonably construed to embrace this terminal element. *Roberts* at 5. There is no reason to conclude appellant was misled or that he might otherwise suffer prosecution for these same offenses twice. He received notice of the offenses against which he had to defend and protection against double jeopardy.

One administrative error in the record warrants correction. Record of trial pages 14-16 were erroneously sealed as part of a M.R.E. 412 motion. Pages 14-16 set forth the military judge's ruling on a defense motion pertaining to Article 120, UCMJ, and introductory discussion leading to M.R.E. 412 hearing and must be unsealed. We will take appropriate action in the decretal paragraph.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.[3] Accordingly, the findings of guilty and the sentence are affirmed.

---

[3] We note a nonprejudicial error by the military judge. The record reflects the military judge advised the appellant as to each of the three specifications of assault that the "bodily harm was done without unlawful force or violence" instead of

(continued . . .)

LOPEZ—ARMY 20090564

We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

Record of trial pages 14-16 shall be unsealed and the Clerk of Court shall provide copies to the lead counsel for appellant and appellee.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
advising appellant that the "bodily harm was done with unlawful force or violence." However, the definition rendered by the military judge of assault correctly advised that "an assault is an attempt or offer with unlawful force or violence to do bodily harm to another." He further correctly defined "battery" as "an unlawful and intentional application of force or violence to another." Additionally, both the colloquy between the military judge and the appellant and the stipulation of fact demonstrate a correct and clear understanding of all the elements of assault. Accordingly, "we are satisfied from the totality of the proceedings that the trial judge complied with the *Care* requirement that he 'explain the elements'" and we find no error materially prejudicial to appellant's substantial rights. *See* UCMJ art. 59(a); *United States v. Footman*, 13 M.J. 827, 829 (A.C.M.R. 1982)(citing *United States v. Care*, 18 U.S.C.M.A. 535, 542, 40 C.M.R. 247, 254 (1969)).

4