# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Major BRET A. GLOWTH**
**United States Army, Appellant**

ARMY 20090925

Headquarters, V Corps
Jeffery R. Nance, Military Judge
Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant:  Billy B. Ruhling, II, Esquire (argued); Lieutenant Colonel Jonathan F. Potter, JA; Billy B. Ruhling, II, Esquire (on brief); Captain E. Patrick Gilman, JA (supplemental pleadings).

For Appellee:  Captain John D. Risenberg, JA (argued); Major Amber J. Williams, JA; Captain Chad Fisher, JA (on brief).  Major Ellen S. Jennings, JA (supplemental pleadings).

15 December 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KERN, Senior Judge:

A panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of adultery and one specification of wrongfully committing an indecent act, both in violation of Article 134, 10 U.S.C. § 934 [hereinafter UCMJ].  *See Manual for Courts-Martial, United States* (2005 ed.) [hereinafter MCM], Part IV, para. 62.b and 90.b.  The panel sentenced appellant to be dismissed from the service and the convening authority approved the adjudged sentence.

## FACTS

During an unaccompanied tour in Korea, appellant, a married man, met and had sexual intercourse with Mrs. W, the wife of LTC W, a U.S. Army officer who was stationed in Korea on an accompanied tour.  LTC W prompted this engagement between his wife and appellant and took pictures of his wife having sex with

appellant. During the course of an investigation unrelated to appellant, military criminal investigators seized a thumb drive from LTC W's house and uncovered a folder containing pictures of Mrs. W having sex with appellant. Mrs. W then identified the appellant, who at the time the pictures were uncovered, had moved from Korea to Germany on a permanent change of station. Some of the pictures of appellant having sexual intercourse with Mrs. W were admitted into evidence at appellant's trial.

Appellant's trial was held in Mannheim, Germany. The primary witness against appellant was Mrs. W, who at the time of trial was in the United States. Her testimony at trial was in the form of a videotaped deposition ordered by the military judge. The military judge ordered the deposition after declaring Mrs. W unavailable because she refused to travel to Germany and could not be compelled by a subpoena to appear at the trial.

## LAW AND DISCUSSION

Appellant raises three assignments of error; the first and third merit discussion, but not relief. The first assignment of error concerns the military judge allowing Mrs. W to testify via videotaped deposition. The third assignment of error, which appellant raised in a supplemental brief, alleges that the specifications of which appellant was convicted were defective in light of our superior court's ruling in *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), because the terminal elements under Article 134, UCMJ were not alleged.

### Deposition Issue[1]

Appellant contends that the military judge erred by allowing deposition testimony[2] of the only government witness with first-hand knowledge of the alleged misconduct and that this error violated his Sixth Amendment confrontation rights. Under a Sixth Amendment analysis, in order to substitute deposition testimony for

---

[1] The full assignment of error reads: I. WHETHER THE MILITARY JUDGE VIOLATED APPELLANT'S CONFRONTATION RIGHTS, AS GUARANTEED IN THE 6TH AMENDMENT TO THE CONSTITUTION, WHEN HE PERMITTED THE GOVERNMENT TO PROSECUTE APPELLANT WITHOUT PRODUCING IN PERSON A SINGLE WITNESS WITH FIRST-HAND KNOWLEDGE OF THE CHARGED CONDUCT.

[2] The videotaped deposition was ordered by the military judge after referral of the charge and determining the witness was unavailable to testify at trial. Appellant and appellant's counsel were present during the taking of the deposition and appellant's counsel cross-examined the witness. Appellant and appellant's counsel also reviewed the videotape before it was shown to the panel members.

live testimony, the military judge must determine that the witness is "unavailable" in spite of a good faith effort on the part of the government. *United States v. Cabrera-Frattini*, 65 M.J. 241, 245 (C.A.A.F. 2007) (citing *Barber v. Page*, 390 U.S. 719, 724-25 (1968)). A witness is not unavailable until after the government has exhausted every reasonable means to secure the live testimony of the witness. *United States v. Burns*, 27 M.J. 92, 97 (C.M.A. 1989). In evaluating the reasonableness of good faith efforts, the military judge must consider all the circumstances, and, upon review by this court, we use an abuse of discretion standard to evaluate the adequacy of the military judge's determination. *Cabrera-Frattini*, 65 M.J. at 245.

In this case, the military judge found that government exhausted all reasonable means to secure Mrs. W at trial. Specifically, the military judge found that: the government offered, but the witness refused to accept, invitational travel orders providing funding to travel and participate in the trial; the witness cannot be compelled by subpoena to travel overseas; and her government supervisor declined to compel her to appear at the trial as an incident of her employment. Appellant argued at trial and again on appeal that, because the witness was a civilian employee of the Department of Defense at the time of trial, her government supervisors needed to direct her to travel overseas to testify or potentially face repercussions with regard to her employment in order for the government to exhaust all reasonable means. As Mrs. W's employment with the Department of Defense had no relation to matters at trial, we concur with the military judge's determination. Absent any showing of bad faith on the part of the government, the decision by Mrs. W's supervisors not to compel her to testify was fully within the discretion of those supervisory authorities. Under the circumstances of this case, supervisory compulsion directing the witness to travel was not a reasonable means that the government was required to exhaust. We find that the military judge did not abuse his discretion or err in allowing Mrs. W's deposition at trial, and therefore, the appellant's assignment of error lacks merit.

*Fosler* Issue[3]

Appellant alleges that both the adultery and indecent act specifications fail to state an offense because neither alleges the terminal elements of prejudice to good order and discipline or service discrediting conduct. Whether a charge and specification states an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __M.J.___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011).

---

[3] The full assignment of error reads: III. THE CHARGE AND ITS SPECIFICATIONS FAIL TO STATE AN OFFENSE AS THE SPECIFICATIONS FAIL TO STATE AN OFFENSE AS THE SPECIFICATIONS DO NOT ALLEGE, EXRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY *UNITED STATES V. FOSLER*, 70 M.J. 225, (C.A.A.F. 2011).

Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)); Rule for Courts-Martial 307(c)(3). In *Fosler*, our superior court held that where appellant "objected to the specification at trial, and thereafter contested the case, an adultery charge failed to state an offense because it did not expressly or impliedly allege the terminal elements." *Roberts*, __M.J.__, slip op. at 5. However, *Fosler* does not compel our decision in this case.

Although there is an adultery charge in this case, as in *Fosler*, the procedural posture of this case and facts are very different. In this case, appellant did not object to either the adultery or the indecent act specifications at trial or in his post-trial matters to the convening authority. This is an important distinction and informs our decision in this matter. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)); *cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Absent an objection at trial, we will not set aside a specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). Here the adultery specification states that appellant, a married man, wrongfully had sexual intercourse with JW, a married woman not his wife, in violation of Article 134, UCMJ. The indecent act specification states that appellant wrongfully performed sexual acts upon JW with her husband, LTC W, present and observing the sexual acts. These actions can reasonably be construed to imply that appellant's conduct was to the prejudice of good order and discipline and service discrediting, especially because the named partner in both specifications was the spouse of a senior officer, as can be derived from the text of the second specification. Therefore, both specifications in this case necessarily imply appellant's conduct was prejudicial to good order and discipline or service discrediting and provided the appellant fair notice.

In addition, there is ample evidence in the record to indicate appellant was on notice of the elements in the specifications against him. In his opening statement, the civilian defense counsel pronounced:

> Now, it is the prosecution's job to prove each and every
> element of their offense beyond all reasonable doubt. If

one of those elements is not met, then you must find him not guilty. So, for an Article 134 offense, **there is always a conduct prejudicial to good order and discipline or service discrediting element**. If you do not find those elements are met, then you must acquit him. (Emphasis added).

Moreover, the panel was also instructed, without comment from the defense, that the offenses contained the terminal elements and that the government was required to prove those elements beyond a reasonable doubt. Considering the presumption of competence by the defense counsel, it is apparent that appellant was not misled about the nature of the charge and specifications leveled against him. *See MCM*, part IV, para. 60.c.(6)(a), 62.b and 90.b. Finally, the factual allegations in the specification, including dates and locations, combined with the record of trial, sufficiently protect the appellant against double jeopardy. Thus, appellant's assignment of error regarding failure to state an offense lacks merit.

## CONCLUSION

We have considered appellant's other assignment of errors, including matters raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit. On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court