# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant THOMAS A. SCOTT**
**United States Army, Appellant**

ARMY 20091087

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Michael J. Benjamin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jeffrey A. Miller, Acting Staff Judge Advocate (recommendation)
Colonel Francis P. King, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Barbara A. Snow-Martone, JA (on brief); Major Jacob D. Bashore, JA.

For Appellee:  Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

23 December 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of aggravated sexual contact with a child, and one specification of indecent acts with a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ].[1]  *See Manual for Courts-Martial*, *United States*, (2002 ed.), Part IV, para. 87, *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007).  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for seven years, and reduction to the grade of E1.

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial, appellant's assignment of error, those matters

---

[1] Another specification alleging indecent acts with a child was dismissed on motion of the government after arraignment but before pleas.

submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and the government's answer. We find the appellant's assignment of error without merit. We find the appellant's complaint regarding excessive post-trial delay worthy of relief.

Before this court, appellant asserts for the first time that the specification alleging indecent acts with a child fails to state an offense because it does not contain reference to a terminal element under Article 134, UCMJ. However, because appellant failed to challenge the specification at trial, reference to Article 134 was properly made in the relevant charge, and the specification otherwise properly alleged the offense for which appellant was convicted, the terminal elements are implied and relief for any defects in the specification is not warranted. *See United States v. Fosler*, 70 M.J. 225, 231 (C.A.A.F. 2011); *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). In addition, the military judge is presumed to know the law and apply it correctly when sitting as the trier of fact. *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). There is no reason to conclude that appellant was misled or that he might otherwise suffer prosecution for this same offense twice. He enjoyed both notice of the offenses against which he had to defend and now enjoys protection against double jeopardy. *Watkins*, 21 M.J. at 209–10. Finally, the military judge treated the indecent act charge as multiplicious for sentencing purposes with the other offenses, dispelling any notion of prejudice in any event. Finding the evidence both factually and legally sufficient to properly approve the conviction at issue, we find, on consideration of the entire record, and the assigned error, the finding of guilty as to the indecent act with a child charge correct in law and fact.

Pursuant to *Grostefon*, the appellant complains of unreasonable post-trial delay and prejudice as a result. However, even absent actual prejudice, this Court is responsible to review the appropriateness of the sentence in light of presumptively excessive and unexplained delay in post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to meet its obligation to provide reasons for excessive post-trial delay, along with the particular circumstances of this case, we find a reduction of 30 days in the sentence appropriate.

Therefore, on consideration of the entire record, the assigned error, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find the findings of guilty correct in law and fact. Accordingly, the findings of guilty are affirmed. We find the sentence as approved by the convening authority inappropriate, and the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six years and

eleven months, and reduction to the grade of E1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.