# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RENALDO R. FEBRES**
**United States Army, Appellant**

ARMY 20100436

1st Cavalry Division
Matthew J. McDonald, Military Judge
Colonel Mark H. Sydenham, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain John L. Schriver, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.2, no response filed.


23 December 2011

------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
------------------------------------------------------------

Per Curiam:

On 27 September 2011, this court set aside the convening authority's action, dated 21 January 2011, in this case and returned the record of trial to The Judge Advocate General for remand to the same convening authority for a new action. *United States v. Febres,* ARMY 20100436 (Army Ct. Crim. App. 27 Sep. 2011) (unpub.) (summ. disp.).  That action has been accomplished and the case is again before us for review.  Article 66, Uniform Code of Military Justice [hereinafter UCMJ].

Although not raised as error by appellant, we note that appellant pleaded guilty, without objection, to Charge VI and its specification which did not expressly allege the terminal elements of unlawful entry in violation of Article 134, UCMJ. "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011) (quoting *United States v. Watkins*, 21 M.J. 208,

FEBRES – ARMY 20100436

209-10 (C.M.A. 1986)) (internal quotation marks omitted). *Cf. United States v. Fosler*, 70 M.J. at 225, 230 (C.A.A.F. 2011). Here, the specification states that appellant, between on or about 17 and 28 December 2008, unlawfully entered the barracks room of two soldiers in violation of Article 134, UCMJ. These allegations can be reasonably construed to imply that appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. Appellant was on notice of the charge against him and is protected against double jeopardy.

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2