# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant AARON P. STONE**
**United States Army, Appellant**

ARMY 20090332

Joint Readiness Training Center and Fort Polk
Charles D. Hayes, Military Judge

For Appellant:  Major Laura R. Kesler, JA; Captain A. Jason Nef, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

28 December 2011

-----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of three specifications of willfully disobeying a superior commissioned officer, one specification of dereliction of duty, four specifications of maltreatment, eleven specifications of assault, and two specifications of obstructing justice, in violation of Articles 90, 92, 93, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 893, 928 and 934 (2008) [hereinafter UCMJ].  The panel sentenced appellant to be reduced to the grade of Private E1, to forfeit all pay and allowances, and a bad-conduct discharge.  The convening authority reduced forfeitures to $933 pay per month for twelve months and approved the remainder of the adjudged sentence.

On 5 April 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence.  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Because the terminal elements of the two obstruction of justice specifications charged under Article 134, UCMJ, were not expressly alleged, we review those two specifications in light of *Fosler*.

## LAW AND DISCUSSION

Whether a charge and specification states an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __M.J.___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3).

In this case, appellant pleaded not guilty to two specifications of obstructing justice and neither of those specifications expressly alleged that appellant's conduct was to the prejudice of good order and discipline or service discrediting. Appellant, however, did not object to the language of either of these specifications at trial, nor on appeal. This is an important distinction from *Fosler* and informs our decision. See *United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Absent an objection at trial, we will not set aside a specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Watkins,* 21 M.J. 208, 209-10 (C.M.A. 1986). Here each of the obstruction of justice specifications states that appellant wrongfully endeavored to influence the testimony of another soldier who was a witness to an investigation, in violation of Article 134, UCMJ. An investigation is an important means to gather facts and information pertaining to some incident, usually significant, that has occurred. It is therefore self-evident that endeavoring to influence the testimony of a fellow soldier in an investigation is contrary and disruptive to the good order and discipline of the service. Therefore, the obstruction of justice specifications in this case necessarily imply conduct that is prejudicial to good order and discipline.

There is also evidence in the record to indicate that appellant was aware of the elements in the specifications against him. The panel in this case was instructed, without comment from the defense, that the offenses in question contained the terminal elements and that the government was required to prove those elements beyond a reasonable doubt. Given the presumption of competence by the defense counsel, it is apparent that appellant was not misled about the nature of the charges and specifications leveled against him. *See Manual for Courts-Martial, United States*, Part IV, para. 96.b.(4). Finally, the factual allegations in the specification,

2

including dates and locations, combined with the record of trial, sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court