# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LOUIS F. DIETZ**
**United States Army, Appellant**

ARMY 20081031

U.S. Army Transportation Center and School and Fort Eustis
Theresa A. Gallagher, Military Judge

For Appellant:  Earl G. Kauffman, Esquire (argued); Captain Todd Lindquist, JA; Earl G. Kauffman, Esquire (on brief).

For Appellee:  Captain Frank E. Kostik, Jr., JA (argued); Major LaJohnne A. White, JA; Captain Frank E. Kostik, Jr., JA (on brief).

28 December 2011

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of forcible sodomy with a child over the age of twelve but under the age of sixteen, one specification of an indecent act upon a child under the age of sixteen, one specification of wrongfully telling his daughter to kill him, one specification of communicating a threat, and one specification of wrongfully forcing his sixteen-year old daughter to drink beer, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (2008) [hereinafter UCMJ].  The panel sentenced appellant to be confined for fifteen years and to be dishonorably discharged from the service.  The convening authority approved the adjudged sentence.

On 18 May 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence.  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  Because the terminal elements for two of the

four specifications charged under Article 134, UCMJ were not expressly alleged, we review those two specifications in light of *Fosler*.

## LAW AND DISCUSSION

Whether a charge and specification states an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __M.J.___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3).

In this case, appellant pleaded not guilty to committing an indecent act upon a child who was under sixteen years of age and wrongfully communicating a threat to that same child, and neither of those specifications expressly alleged that appellant's conduct was to prejudice of good order and discipline or service discrediting. Appellant, however, did not object to the language of either of these specifications at trial, nor on appeal. This is an important distinction from *Fosler* and informs our decision. See *United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Absent an objection at trial, we will not set aside a specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). Here the indecent act with a child specification states that appellant committed an indecent act upon DD, a female under the age of sixteen, by fondling her and placing his fingers in and around her vagina with intent to gratify the sexual desires of the appellant in violation of Article 134, UCMJ. The communicating a threat specification states that appellant wrongfully communicated at threat to injure and rape DD in violation of Article 134, UCMJ. These actions can reasonably be construed to imply that appellant's conduct was service discrediting, especially considering that DD was appellant's own daughter as can be derived from the text of another charged specification.[*] Therefore, despite not expressly setting

---

[*] Specification 4 of Charge II states as follows: IN THAT SERGEANT LUIS R. DIETZ, U.S. ARMY DID, AT OR NEAR NEWPORT NEWS, VIRGINIA, ON OR ABOUT 19 JANUARY 2007, RENT A HOTEL ROOM LOCATED AT THE

(continued. . . )

out the terminal elements, both specifications in question in this case necessarily imply that appellant's conduct was service discrediting and provided the appellant fair notice.

In addition, there is ample evidence in the record to indicate appellant was on notice of the elements in the specifications against him. Two of the four specifications charged under Article 134 actually alleged the service-discrediting element. Moreover, in a challenge to one of those specifications, which was a non-enumerated offense charged under Article 134, the trial defense counsel distinguished that offense from enumerated offenses [such as indecent act upon a child and communicating a threat] in a written motion:

> However, the difference is those examples are enumerated under other sections of the UCMJ, so accuseds are well on notice of criminal conduct, and the defense has the benefit of being able to identify specific statutory elements that the prosecution is required to prove.

Because both the indecent act and communicating a threat specifications are enumerated offenses, it is clear from their written motion that the defense in this case was able to identify all of the elements, including the terminal elements in the aforementioned specifications.

In addition, the panel in this case was instructed, without comment from the defense, that the offenses in question contained the terminal elements and that government was required to prove those elements beyond a reasonable doubt. Given the presumption of competence by the defense counsel, it is apparent that appellant was not misled about the nature of the charges and specifications leveled against him. *See Manual for Courts-Martial, United States*, Part IV, paras. 60.c.(3), 87.b and 110.b. Finally, the factual allegations in the specification, including dates and locations, combined with the record of trial, sufficiently protect the appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as

---

(. . . continued)
TRAVELODGE, 13700 WARWICK BOULEVARD, NEWPORT NEWS, VIRGINIA, AND TOLD HIS **16-YEAR-OLD DAUGHTER D.D.** TO MEET HIM AT THE HOTEL, AND WRONGFULLY FORCED HER TO DRINK ALCOHOLIC BEER AGAINST HER WILL, WHICH CONDUCT, UNDER THE CIRCUMSTANCES WAS OF A NATURE TO BRING DISCREDIT UPON THE ARMED FORCES (emphasis added).

approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court