**196**

UNITED STATES, Appellee

v.

William C. DEAR, Staff Sergeant
U.S. Army, Appellant.

No. 93–1109.
CMR No. 9102502.

U.S. Court of Military Appeals.

Argued May 31, 1994.

Decided Sept. 15, 1994.

For Appellant: *Mark L. Waple* (argued);
*Captain Victor A. Tall.*

For Appellee: *Captain Samuel J. Smith,
Jr.* (argued); *Colonel Dayton M. Cramer,
Major James L. Pohl, Major James P. Calve*
(on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was con-
victed of maltreatment of subordinates (2
specifications), solicitation to commit sodomy
(3 specifications), and obstruction of justice,
in violation of Articles 93 and 134, Uniform
Code of Military Justice, 10 USC §§ 893 and
934, respectively. The convening authority
approved the sentence of a bad-conduct dis-
charge and reduction to the lowest enlisted
grade. The Court of Military Review af-
firmed the findings and sentence. We grant-
ed review on the following issue:

WHETHER THE MILITARY JUDGE
ERRED IN DENYING APPELLANT'S
MOTION TO DISMISS SPECIFICA-
TION 2 OF CHARGE I, ALLEGING
MALTREATMENT BY SEXUAL
HARASSMENT OF PRIVATE FIRST
CLASS [A], FOR FAILURE TO STATE
AN OFFENSE, WHERE THE AL-
LEGED VICTIM SPECIFICALLY DE-
NIED THAT APPELLANT HAD IN-
FLUENCED, OFFERED TO INFLU-
ENCE OR THREATENED HER CA-
REER, PAY OR JOB IN RETURN FOR
SEXUAL FAVORS AND WHERE, UN-
DER THE EXISTING CIRCUM-
STANCES, APPELLANT'S ALLEGED
REMARKS DID NOT RISE TO THE
LEVEL OF "DELIBERATE OR RE-
PEATED OFFENSIVE REMARKS OF
A SEXUAL NATURE."

We hold the military judge did not err in
failing to dismiss specification 2 of Charge I
for failure to state an offense under Article
93. *Cf. United States v. French,* 31 MJ 57
(CMA 1990).

## FACTS

Specification 2 of Charge I alleges that appellant

on or about 15 January 1991, through on or about 30 January 1991, did maltreat Private First Class [A], a person subject to his orders, by making repeated offensive gestures and comments of a sexual nature, to wit: "Did you know you look real sexy with glasses?," "Have you thought of anything you can do that I would like for the gloves?," or words to that effect, while grinning at PFC [A].

At a session under Article 39(a), UCMJ, 10 USC § 839(a), prior to arraignment, the judge denied defense counsel's motion to dismiss the specification of Charge I on the ground that the specification did not constitute an offense of maltreatment.

## DISCUSSION

 The standard for determining whether a specification states an offense is whether the specification alleges "every element" of maltreatment by sexual harassment "either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." RCM 307(c)(3), Manual for Courts–Martial, United States, 1984. *See also Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). This is a three-prong test requiring (1) the essential elements of the offense, (2) notice of the charge, and (3) protection against double jeopardy.

The elements of the offense of maltreatment are: "(1) That a certain person was subject to the orders of the accused; and (2) that the accused was cruel towards, or oppressed, or maltreated that person." Para. 17b, Part IV, Manual, *supra.*

The explanation indicates that "sexual harassment may constitute this offense." * It further states:

Sexual harassment includes influencing, offering to influence, or threatening the career, pay, or job of another person in exchange for sexual favors, the deliberate or repeated offensive comments or gestures of a sexual nature.

Para. 17c(2).

The first prong is met since the specification indicates that Private First Class A was subject to appellant's orders and he "maltreat[ed]" her "by making repeated offensive gestures and comments of a sexual nature." The second prong is met because it sets forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant. While the third prong was important at common law, Willard, *The Seventeenth Century Indictment In The Light Of Modern Conditions,* 24 Harv. L.Rev. 290, 292 (1910), one may question its relevance today since the defendant may turn to the entire record of trial in raising double-jeopardy protection. *United States v. Williams,* 21 MJ 330, 332 (CMA 1986). In any event, here the third prong is satisfied.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges GIERKE and WISS concur.

COX, Judge (concurring):

I write separately only to point out that the granted issue is normally limited to the sufficiency of the specification. Thus, I find no conflict between this case and *United States v. Hullett,* 40 MJ 189 (CMA 1994).

---

* "While sexual harassment in the workplace is recognized as a form of employment discrimination ... or as a matter for professional and educational ethics committees, it is not expressly covered by civilian criminal law" or in the Uniform Code of Military Justice. The American Bar Association has approved a resolution which would change Article 93 to expressly cover sexual harassment.