# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant GREGORY A. ROBINSON**
**United States Army, Appellant**

ARMY 20100495

United States Army Basic Combat Training Center of Excellence and Fort Jackson
Tara A. Osborn, Military Judge
Lieutenant Colonel Christopher B. Valentino, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Kathleena R. Scarpato, JA (on brief).

For Appellee: Major Amber J. Williams, JA (on brief).

26 October 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of attempted sodomy with a child, aggravated sexual abuse of a child, and wrongful sexual contact, in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 80, 120 (2008) [hereinafter UCMJ].[*] Appellant was also convicted, pursuant to his pleas, of one specification alleging indecent acts with a child in violation of Article 134, UCMJ. *See Manual for Courts-Martial, United States*, (2002 ed.) [hereinafter *MCM, 2002*], Part IV, para. 87.b., *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007). Appellant was sentenced to a dishonorable discharge, confinement for seventeen years, and reduction to the grade of E1. The convening authority approved only so

---

[*] Appellant was found not guilty of one specification of attempted rape of a child, two specifications of sodomy with a child, and one specification of indecent liberties with a child, in violation of Articles 80, 125, and 134, UCMJ.

much of the sentence extending to a dishonorable discharge, confinement for thirteen years, and reduction to the grade of E1.

On 24 May 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is before this court for a second review under Article 66, UCMJ. We have again considered the record of trial, this time in light of our superior court's decision in *Fosler*, and we hold that Specification 2 of Charge IV, when liberally construed, states the offense of indecent acts with a child.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused—such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Roberts*, __ M.J. at ___, slip op. at 4 (quoting *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)) (internal quotation marks omitted). *Cf. Fosler*, 70 M.J. at 230.

Here, appellant did not object to the language of the indecent acts specification, which states that he, a noncommissioned officer, rubbed his penis on the vagina of a child under the age of sixteen with the intent to gratify his sexual desires in violation of Article 134, UCMJ. These allegations are not so defective that they cannot be reasonably construed to imply that appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. Furthermore, there is ample evidence in the record that appellant was on notice of the charge against him. Appellant entered into a pretrial agreement, pleaded guilty to this charge, and his trial defense counsel acknowledged that appellant was on notice that the charge and specification alleged the offense of indecent acts. *See also MCM*, 2002, Part IV, para. 60.c.(6)(a). Furthermore, the military judge advised appellant of the elements of indecent acts—to include the terminal elements—after which appellant described how his conduct was both prejudicial to good order and discipline and service discrediting. Finally, the factual allegations within the charge and specification sufficiently protect appellant against double jeopardy.

## CONCLUSION

For the reasons discussed above, we hold that Specification 2 of Charge IV necessarily implies the elements of indecent acts, provides appellant with fair notice, and protects him against being placed twice in jeopardy. On consideration of the entire record, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court