# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 AARON M. MITCHELL**
**United States Army, Appellant**

ARMY 20100713

1st Cavalry Division
Matthew J. McDonald, Military Judge
Lieutenant Colonel Mark H. Sydenham, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Barbara A. Snow-Martone, JA.

For Appellee:  Major Amber J. Williams, JA.

28 October 2011

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of absence without leave, two specifications of wrongful use of a Schedule I controlled substance, and five specifications of wrongful making and uttering checks, in violation of Articles 86, 112a, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 86, 112a, 123a (2008) [hereinafter UCMJ].[*] Appellant was also convicted, pursuant to his pleas, of one specification alleging adultery in violation of Article 134, UCMJ.  *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, para. 62.b.  The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months,

---
[*] Appellant was found not guilty, in accordance with his plea, of one specification alleging wrongful possession of a Schedule II controlled substance in violation of Article 112a, UCMJ.

forfeiture of all pay and allowances, and reduction to the grade of E1. The convening authority approved the adjudged sentence.

On 25 March 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is before this court for a second review under Article 66, UCMJ. We have again considered the record of trial, this time in light of our superior court's decision in *Fosler*, and we hold that the Specification of Charge IV, when liberally construed, states the offense of adultery.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). In *Fosler*, our superior court held that where the appellant "objected to the specification at trial, and thereafter contested the case, an adultery charge failed to state an offense because it did not expressly or impliedly allege the terminal elements." *Roberts*, __ M.J. ___, slip op. at 5. However, *Fosler* does not compel our decision in this case. Although the adultery charges at issue in both *Fosler* and this case are similar, the procedural posture of the parties is vastly different. In this case, appellant neither objected to the adultery charge and its specification, nor did he contest the case. Therefore, appellant's standing to challenge the charge and specification is circumscribed, and their language will be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4. *Cf. Fosler*, 70 M.J. at 230. As a result, we will not set aside the adultery charge unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986).

Here, the adultery specification states that appellant wrongfully engaged in sexual intercourse with a woman other than his spouse in violation of Article 134, UCMJ. These allegations can be reasonably construed to imply that appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. Furthermore, there is ample evidence in the record that appellant was on notice of the charge against him. Appellant entered into a pretrial agreement as well as a stipulation of fact, and pleaded guilty to this charge with the benefit of advice from his trial defense counsel. *See also MCM*, 2002, Part IV, para. 60.c.(6)(a). Furthermore, the military judge advised appellant of the elements of adultery—to include the terminal elements—after which appellant

described how his conduct was both prejudicial to good order and discipline and service discrediting. Finally, the factual allegations within the charge and specification sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court