# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRANDON K. PRICE**
**United States Army, Appellant**

ARMY 20100382

Headquarters, United States Army Maneuver Center of Excellence
James Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Stephen J. Rueter, JA.

For Appellee: Major Amber J. Williams, JA.

28 October 2011

------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
------------------------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, contrary to his pleas, of conspiracy to commit burglary, absence without leave, robbery, aggravated assault, simple assault, and burglary, in violation of Articles 81, 86, 122, 128, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 81, 86, 122, 128, 129 (2008) [hereinafter UCMJ].[*] Appellant was also convicted, contrary to his pleas, of one specification alleging wrongful communication of a threat in violation of Article 134, UCMJ. *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, para. 110.b. Appellant was sentenced to a bad-conduct discharge and confinement for twelve months. The convening authority approved the adjudged sentence and credited appellant with sixty-four days against the approved sentence to confinement.

------------------------

[*] Appellant was found not guilty of one specification of conspiracy to commit burglary, and one specification of wrongful communication of a threat, in violation of Articles 81, and 134, UCMJ.

On 30 March 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is before this court for a second review under Article 66, UCMJ. We have again considered the record of trial, this time in light of our superior court's decision in *Fosler*, and we hold that Specification 2 of Charge VI, when liberally construed, states the offense of wrongful communication of a threat.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3).

Here, appellant pleaded not guilty to the charge of wrongful communication of a threat—which in this case did not expressly allege that appellant's conduct was to the prejudice of good order and discipline in the armed forces. However, appellant did not object to the language of the charge and specification at trial, nor did he object in his post-trial matters to the convening authority, in his appeal to this court, or in his appeal to our superior court. Appellant's silence on this issue speaks volumes and informs our decision on this matter. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Facially, the language of the charge and specification in this case embrace an allegation of conduct prejudicial to good order and discipline. In total, the charge and specification state that appellant wrongfully threatened to beat and kill another soldier in violation of Article 134, UCMJ. It is self-evident that threatening to beat and kill other soldiers disrupts good order and discipline. The alleged threats in this case directly impact the order and discipline of a unit, and, therefore, necessarily imply conduct to the prejudice of good order and discipline. Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge sets forth a violation of Article, 134, UCMJ, and the specification states the date, location, and the victim to whom specific threats were made. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment

specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). *See also MCM*, 2002, Part IV, para. 60.c.(6)(a). Finally, these very factual allegations combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court