# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TANNER P. FORRY**
**United States Army, Appellant**

ARMY 20080334

Headquarters, Fort Lewis
Michelle Shields, Military Judge
Colonel James K. Lovejoy, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Captain Shay Stanford, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Benjamin M. Owens-Filice, JA (on brief).

7 December 2011

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel composed of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of attempted carnal knowledge with a child over the age of twelve but under the age of sixteen, one specification of possessing child pornography, one specification of distributing child pornography, one specification of persuading, inducing, or enticing a minor to engage in sexually explicit conduct, one specification of persuading, inducing, or enticing a minor via the internet to engage in sexual intercourse, one specification of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, one specification of transferring obscene matter via the internet, two specifications of communicating indecent language to a child in writing, and one specification of  knowingly executing computer programs of a forensically destructive nature for the purpose of preventing or impairing the Government's lawful authority to take his computer into its custody and control in violation of

FORRY—ARMY 20080334

Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (2008) [hereinafter UCMJ].* Appellant was sentenced to be confined for fifteen (15) years and to be dishonorably discharged from the service. The convening authority approved the adjudged sentence and credited appellant with thirty (30) days of confinement against the sentence to confinement.

On 7 June 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 19 October 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is before this court for a second review under Article 66, UCMJ. We have again considered the record of trial, this time in light of our superior court's decision in *Fosler*, and we hold that Specifications 5 and 7 of Additional Charge II, when liberally construed, state the offense of communicating indecent language in writing to a child under the age of sixteen.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial (R.C.M.) 307(c)(3).

Here, appellant pleaded not guilty to communicating indecent language in writing to a child—specifications which in this case did not expressly allege that appellant's conduct was to the prejudice of good order and discipline in the armed forces. However, appellant did not object to the language of these specifications at trial. Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

Facially, the language of Specifications 5 and 7 of Additional Charge II in this case embraces allegations of conduct prejudicial to good order and discipline.

---

* Appellant was found not guilty of one specification of persuading, inducing, or enticing a minor to engage in sexually explicit conduct in violation of Article 134, UCMJ.

2

In total, the specifications state that appellant, in writing, communicated to two different children who had not attained the age of sixteen years, on separate occasions, explicit words about sex acts he wanted to perform on them in violation of Article 134, UCMJ. It is self-evident that describing explicit sexual acts he wanted to perform with children under sixteen disrupts good order and discipline. The written descriptions of sex acts with children necessarily imply conduct to the prejudice of good order and discipline. Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge sets forth a violation of Article, 134, UCMJ, and the specifications state the dates, locations, the names of the intended victims, and the specific sexual acts appellant wanted to perform on two children. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). *See also Manual for Courts-Martial* (*MCM*), 2002, Part IV, para. 60.c.(6)(a).

The record reflects that appellant was on notice that he was charged with indecent language proscribed by Article 134, UCMJ. Two weeks before his court-martial, appellant submitted sample instructions to the military judge requesting that the panel be specifically instructed on Clauses 1 and 2 of Article 134. Additionally, the panel was instructed in open court, without comment from appellant or his defense counsel, that the Article 134 offense contained terminal elements and required proof of the same. "These two factors, taken together, underscore that at trial the defense was not misled and did not regard the specifications as facially deficient." *United States v. Crafter*, 64 M.J. 209, 212 (C.A.A.F. 2006). Buttressed by the presumption of the defense counsel's competence, this is strong evidence that appellant was not misled about the nature of the charge leveled against him. *See MCM*, Part IV, paras. 60.c.(6)(a), and 62.b. In addition, eight of the ten Article 134 specifications, other than Specifications 5 and 7, did contain the terminal elements. Finally, these very factual allegations combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3