# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ROBERT L. McCULLOUGH**
**United States Army, Appellant**

ARMY 20090206

Headquarters, Joint Readiness Training Center and Fort Polk
Charles Hayes, Military Judge
Lieutenant Colonel Paula Schasberger, Acting Staff Judge Advocate (pretrial
& recommendation)
Colonel Keith C. Well, Staff Judge Advocate (addendum)

For Appellant:  Frank J. Spinner, Esquire (argued); Captain Brent A. Goodwin, JA;
Frank J. Spinner, Esquire (on brief).

For Appellee:  Major Adam S. Kazin, JA (argued); Colonel Michael E. Mulligan, JA;
Major Amber J. Williams, JA; Major Adam S. Kazin, JA; Captain Ryan D. Pyles, JA
(on brief).

19 December 2011

--------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of carnal knowledge with a person under the age of sixteen and one specification of adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2008) [hereinafter UCMJ].  The appellant was sentenced to reduction to the grade of E1, forfeiture of all pay and allowances, confinement for three years and six months, and a bad-conduct discharge.  The convening authority reduced the sentence to confinement to three years and four months, and otherwise approved the adjudged sentence.  The convening authority granted appellant's request for a six-month waiver of forfeitures.

On 7 June 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. McCullough*, ARMY 20090206 (Army Ct. Crim. App. 7 June 2011) (unpub.). On 29 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Here, appellant pleaded not guilty to the charge of adultery—in this case, the specification does not expressly allege that appellant's conduct was to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. However, appellant did not object to the language of the adultery specification at trial. Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). We hold that in this case the Article 134 charge and specification can be so construed, and, therefore, state the offense of adultery. Although the adultery charges at issue in *Fosler* and this case are similar, the procedural posture of the parties is different. In this case, appellant did not object at trial; therefore, his standing to challenge the charge and specifications is circumscribed. *Roberts*, __ M.J. at ___, slip op. at 4. *Cf. Fosler*, 70 M.J. at 230.

Facially, the language of the charge and specification in this case necessarily implies both conduct prejudicial to good order and discipline and conduct of a nature to bring discredit upon the armed forces by alleging that appellant wrongfully engaged in sexual intercourse with KG, a woman not his wife, in violation of Article 134, UCMJ. In fact, KG was a thirteen-year old friend of appellant's daughter, and he was convicted of carnal knowledge with KG in violation of Article 120, UCMJ.

2

Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge of adultery sets forth a violation of Article, 134, UCMJ, and the specification states the date, location, and the victim of the offense. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). In addition, the military judge properly instructed the panel on the terminal elements and appellant made no objection to those instructions. We apply the presumption that the panel properly applied the military judge's instructions. *See United States v. Jenkins*, 54 M.J. 12, 20 (C.A.A.F. 2000). Buttressed by the presumption of the defense counsel's competence, we conclude that appellant was not misled about the nature of the charge leveled against him. *See Manual for Courts-Martial*, Part IV, paras. 60.c.(6)(a), and 62.b. Finally, the factual allegations in the specification combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

3