# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL T. McNAUGHTON**
**United States Army, Appellant**

ARMY 20090596

Headquarters, Fort Carson
Debra L. Boudreau, Military Judge
Colonel Michael W. Meier, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Captain Michael E. Korte, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Captain Stephen E. Latino, JA; Captain Nathan S. Mammen, JA (on brief).

19 December 2011

-----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of sodomy, aggravated incest, and adultery in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (2005) [hereinafter UCMJ].* The military judge sentenced appellant to reduction to the grade of E1, forfeiture of all pay and allowances, confinement for four years, and a bad-conduct discharge. The convening authority approved only so much of the sentence as provided for reduction to the grade of E1, confinement for four years, and a bad-conduct discharge. The convening authority deferred the automatic forfeiture of all pay and allowances until action and then waived the automatic

---

\* After arraignment and prior to plea, the military judge dismissed one specification of violation of a lawful general regulation in violation of Article 92, UCMJ, 10 U.S.C. § 892. After pleas, the military judge dismissed two specifications of wrongful sexual contact in violation of Article 134, UCMJ, 10 U.S.C. § 934.

forfeiture of all pay and allowances for a period of six months from the date of action.

On 26 January 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Consequently, appellant's case is again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Here, appellant pleaded not guilty to the charge of adultery—in this case, the specification does not expressly allege that appellant's conduct was to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. However, appellant did not object to the language of the adultery specification at trial, nor did he object in his post-trial matters to the convening authority, or in his appeal to this court. Appellant's silence on this issue speaks volumes and informs our decision on this matter. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). We hold that in this case the Article 134 charge and specification can be so construed, and, therefore, state the offense of adultery. Although the adultery charges at issue in *Fosler* and this case are similar, the procedural posture of the parties is different. In this case, appellant did not object at trial; therefore, his standing to challenge the charge and specifications is circumscribed. *Roberts*, __ M.J. at ___, slip op. at 4. *Cf. Fosler*, 70 M.J. at 230.

Facially, the language of the charge and specification in this case necessarily implies both conduct prejudicial to good order and discipline and conduct of a nature to bring discredit upon the armed forces by alleging that appellant wrongfully engaged in sexual intercourse with MM, a woman not his wife, in violation of Article 134, UCMJ. In fact, MM was appellant's sixteen-year old stepdaughter, and he was convicted of engaging in aggravated incest with MM in violation of Colorado law as assimilated under the Federal Assimilative Crimes Act, 18 U.S.C. § 13. Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge of adultery sets forth a violation of Article 134, UCMJ, and the specification states the date, location, and the victim of the offense. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). Buttressed by the presumption of the defense counsel's competence, this is strong evidence that appellant was not misled about the nature of the charge leveled against him. *See Manual for Courts-Martial*, Part IV, paras. 60.c.(6)(a), and 62.b. Finally, the factual allegations in the specification combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court