# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
DARPINO, JOHNSON, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ROBERT W. MEDEIROS**
**United States Army, Appellant**

ARMY 20081092

Headquarters, National Training Center and Fort Irwin
Michael J. Hargis, Military Judge
Lieutenant Colonel F. Dean Raab, Staff Judge Advocate (pretrial and
recommendation)
Major Robert A. Vedra, Acting Staff Judge Advocate (addendum)
Major Scott A. Dirocco, Acting Staff Judge Advocate (new recommendation and
addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D.
Bashore, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee:  Major Ellen S. Jennings, JA; Major Katherine S. Gowel, JA; Captain
Christopher S. Glascott, JA (on brief).

20 January 2012

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant,
pursuant to his pleas, of assault (two specifications), adultery, and communicating a
threat, in violation of Articles 128, and 134, Uniform Code of Military Justice, 10
U.S.C. §§ 928, and 934 [hereinafter UCMJ].  *See Manual for Courts-Martial*, *United
States*, (2005 ed.) [hereinafter *MCM*, 2005], Part IV, paras. 62.b., and 110.b.  At the
same court-martial, the military judge convicted appellant, contrary to his pleas, of
attempted wrongful imprisonment, maiming, sodomy, and assault (six

specifications), in violation of Articles 80, 124, 125, and 128, UCMJ.[1]  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for thirty-two years, and reduction to E1.  On 7 June 2011, this court set aside the convening authority's action in this case and returned the record of trial to The Judge Advocate General for remand to the same or a different convening authority for a new staff judge advocate's recommendation and action.  *United States v. Medeiros*, ARMY 20081092 (Army Ct. Crim. App. 7 June 2011) (unpub).  The action has been completed and the record is now before us for further review under Article 66, UCMJ.

Following the new recommendation and action, appellant raises two assignments of error, one of which merits discussion but no relief.  Appellant argues that Specifications 1 and 3 of Charge VI, setting forth violations of Article 134, UCMJ, do not expressly allege a terminal element and, therefore, do not state offenses.  We have considered the issues raised by appellant, the government's answer, and the record of trial.  We conclude that the issues raised by appellant are meritless, and we hold that Specifications 1 and 3 of Charge VI, in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and *United States v. Roberts*, 70 M.J. 550 (Army Ct. Crim. App. 2011), state the offenses of adultery and communicating a threat, respectively.

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo.  *Roberts*, 70 M.J. at 552.  Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)).  Rule for Courts-Martial 307(c)(3).  Here, appellant pleaded guilty to the charge of wrongful communication of a threat and to the charge of adultery—neither of which in this case expressly alleged that appellant's conduct was of a nature to bring discredit upon the armed forces.  Although the adultery charges at issue in *Fosler* and this case are similar, the procedural posture of the parties is different.  In this case, appellant did not object at trial; therefore, his standing to challenge the charge and specifications is circumscribed.  *Roberts*, 70 M.J. at 553.  Where a charge and specification are not challenged at trial, their language is to be liberally construed.  *Roberts*, 70 M.J. at 552–53 (citing *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986)).  *Cf. Fosler*, 70 M.J. at 230.  Consequently, we will not set aside the charge and its specifications in this case unless it is "so obviously defective that it

---

[1] Appellant initially pled guilty to Charge III and the Specification (maiming), and Specifications 5 and 8 of Charge V (assault), but the military judge concluded appellant was improvident and he declined to accept his guilty pleas.  Appellant was subsequently convicted of these charges and specifications in a contested case.

could not be reasonably construed to embrace [the] terminal element." *Roberts*, 70 M.J. at 553.

We hold that in this case the Article 134 charge and specifications can be so construed. It is evident the language of the charge and specifications embraces an allegation of conduct that is service discrediting. The adultery specification states appellant wrongfully engaged in sexual intercourse with LC, a woman who was not his wife, and the communicating-a-threat specification states that appellant later threatened to burn LC alive. The charge for both of these specifications alleges appellant's conduct was in violation of Article 134, UCMJ. Therefore, both specifications necessarily imply service-discrediting conduct. In addition, appellant received fair notice and enjoys protection against being placed twice in jeopardy. The charge sets forth a violation of Article 134, UCMJ, and the specifications state the date, location, and the victim to whom specific threats were made. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). *See also MCM*, 2005, Part IV, paras. 62.b., and 110.b. Furthermore, appellant completed a knowing and voluntary guilty plea. *E.g., United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). During the providence inquiry, the military judge properly explained the terminal elements to appellant, appellant stated that he understood he was charged with offenses that included these elements, and then admitted he was guilty of those offenses. Finally, the foregoing factual admissions, combined with factual allegations on the charge sheet sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3