UNITED STATES

v.

Technical Sergeant Christopher
D. WALTERS, United
States Air Force.

ACM 37873.

U.S. Air Force Court of Criminal Appeals.

06 Dec. 2012.

**696**

Appellate Counsel for the Appellant: Major Daniel E. Schoeni and Captain Nathan A. White.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Linell A. Letendre; Major Lauren N. DiDomenico; Major Scott C. Jansen; Major Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before STONE, GREGORY, and HARNEY, Appellate Military Judges.

## OPINION OF THE COURT

GREGORY, Senior Judge:

A general court-martial composed of a military judge alone convicted the appellant in accordance with his pleas of aggravated assault with a dangerous weapon and communicating a threat, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934. The military judge convicted the appellant, contrary to his pleas, of two specifications of assault on a child under 16 years, one specification of assault consummated by a battery, and a second specification of communicating a threat, again in violation of Articles 128 and 134, UCMJ. The court adjudged a sentence of a bad-conduct discharge, confinement for seven months, and reduction to the grade of E–1.[1] The convening authority approved the sentence adjudged. The appellant assigns the following errors before this Court: (1) the two specifications of communicating a threat fail to state offenses by omitting the terminal element, and (2) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.

---

1. The military judge merged Specifications 1 and 3 of Charge I and Specification 2 of Charge II for sentencing.

1982), the sentence is inappropriately severe and the evidence is factually insufficient to support the findings of guilty on all but the specification of communicating a threat, to which he pled guilty.

#### The Article 134, UCMJ, Offenses

Whether a charge and specification state an offense is a question of law that we review de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F.2006) (citations omitted). "A specification states an offense if it alleges, either expressly or by [necessary] implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." *Id.* at 211 (citing *United States v. Dear*, 40 M.J. 196, 197 (C.M.A.1994)); *see also* Rule for Courts–Martial 307(c)(3). While failure to allege the terminal element of an Article 134, UCMJ, offense is error, in the context of a guilty plea the error is not prejudicial where the military judge correctly advises the appellant of all the elements and the plea inquiry shows that the appellant understood to what offense and under what legal theory he was pleading guilty. *United States v. Ballan*, 71 M.J. 28, 34–36 (C.A.A.F.), *cert. denied*, ―― U.S. ――, 133 S.Ct. 43, 183 L.Ed.2d 680 (2012) (mem.).

In the case of a litigated Article 134, UCMJ, specification that does not allege the terminal element but which was not challenged at trial, the failure to allege the terminal element is plain and obvious error which is forfeited rather than waived. *United States v. Humphries*, 71 M.J. 209, 211 (C.A.A.F.2012). The remedy, if any, depends on "whether the defective specification resulted in material prejudice to Appellee's substantial right to notice." *Id.* at 215. The prejudice analysis of a defective specification under plain error requires close review of the record: "Mindful that in the plain error context the defective specification alone is insufficient to constitute substantial prejudice to a material right . . . we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.' " *Id.* at 215–16. (citations omitted).

Here, the appellant was charged with two specifications of communicating a threat, and neither alleged the terminal element required for Article 134, UCMJ, offenses. He pled guilty to the first and not guilty to the second. During the guilty plea inquiry, the military judge explained the elements of the offense, to include the terminal element. The appellant acknowledged understanding the elements and explained how his conduct was prejudicial to good order and discipline as well as service discrediting. Under these circumstances, the appellant suffered no prejudice from the failure to allege the terminal element in Specification 1 of Charge II. *Ballan*, 71 M.J. at 34–35.

We next "look to the record to determine whether notice of the missing element is somewhere extant in the trial record" for the litigated specification under Article 134, UCMJ, and we find ample notice. *Humphries*, 71 M.J. at 215. First, after the military judge accepted the pleas of guilty, the appellant litigated the second specification of communicating a threat knowing full well that the offense required proof of the terminal elements because the military judge had expressly told him that it did. Next, the appellant's wife testified as to the service discrediting nature of the offense. Finally, both counsel argued the service discrediting nature of the misconduct. Under the totality of the circumstances of this record, we find sufficient notice to the appellant of the missing element to remove any prejudice from its omission in the specification. *Id.*

#### Sufficiency of the Evidence

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt.' " *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F.2002) (quoting *United States v. Turner*, 25 M.J. 324 (C.M.A.1987)). The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced of the

appellant's guilt beyond a reasonable doubt. *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000) (citing *Turner,* 25 M.J. at 325). Applying these standards to the record in this case, we find the evidence legally and factually sufficient to support the findings of guilt.

### Sentence Appropriateness

 The appellant asserts that a bad-conduct discharge is inappropriately severe. In reviewing sentence appropriateness, we "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982); *United States v. Rangel,* 64 M.J. 678, 686 (A.F.Ct.Crim.App. 2007). We have a great deal of discretion in determining whether a particular sentence is

appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Lacy,* 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988). Applying these standards to the present case we do not find a bad-conduct discharge inappropriately severe for the physical violence and threatening behavior meted out by the appellant to his family.

### Conclusion

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred.[2] Article 66(c), UCMJ; *Reed,* 54 M.J. at 41. Accordingly, the approved findings and sentence are

AFFIRMED.

---

**2.** We note that the overall delay of over 18 months between the time the case was docketed at the Air Force Court of Criminal Appeals and completion of review by this Court is facially unreasonable. Because the delay is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):(1) the length of the delay, (2) the reasons for the delay, (3) the appellant's assertion of the right to timely review and appeal, and (4) prejudice. *United States v. Moreno,* 63 M.J. 129, 135–36 (C.A.A.F.2006). When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison,* 63 M.J. 365, 370 (C.A.A.F.2006). This approach is appropriate in the appellant's case. The post-trial record contains no evidence that the delay has had any negative impact on the appellant. Having considered the totality of the circumstances and the entire record, we conclude that any denial of the appellant's right to speedy post-trial review and appeal was harmless beyond a reasonable doubt.