# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 FREDRICK K. DIXON**
**United States Army, Appellant**

ARMY 20160098

Headquarters, 10th Support Group (Regional)
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Marvin J. McBurrows, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Major Patrick J. Scudieri, JA; Major Joseph T. Marcee, JA (on brief).

For Appellee:  Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Joshua B. Banister, JA (on brief).

25 October 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of eleven specifications of failure to report, one specification of willful disobedience of a noncommissioned officer, three specifications of willful disobedience of a commissioned officer, three specifications of disobeying a lawful general order, two specifications of wrongful use of a controlled substance, one specification of wrongful distribution of a controlled substance, one specification of larceny, and three specifications of failure to pay a debt, in violation of Articles 86, 91, 92, 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 912a, 921, 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and 245 days of confinement.  The military judge credited appellant with 105 days against the sentence to confinement.  The convening authority approved the adjudged sentence.

Appellant's case is before this court for review under Article 66, UCMJ.  Appellant raises one error, which merits discussion but no relief.  We have identified an additional error that merits discussion and relief.

**BACKGROUND**

Prior to trial, appellant filed a pretrial motion to dismiss Specifications 1 and 2 of Charge IV for failure to state an offense. The defense theory was that cannabidiol is not a Schedule 1 controlled substance. The government opposed the motion, based on the assertion that cannabidiol is a derivative of marijuana. The military judge denied the defense motion on the basis that the issue of whether cannabidiol is a prohibited marijuana derivative is a factual issue the government would be entitled to prove.

Immediately after the military judge denied the motion to dismiss, appellant entered a plea of guilty to all charges and specifications. Appellant made this plea as part of a pretrial agreement (PTA),[1] wherein appellant agreed to enter into a stipulation of fact with the government. In the stipulation of fact, appellant agreed that "because Cannabidiol is a compound/derivative of a Schedule 1 controlled substance (marijuana), it is itself a schedule 1 controlled substance."

During the providency inquiry, the military judge raised the issue of whether the government was wrong to charge appellant with disobeying a noncommissioned officer instead of a twelfth failure to report specification. Specifically, the Specification of Charge II alleged appellant failed to obey a noncommissioned officer's order "to get changed and go back to the motorpool." The military judge asked the trial counsel "how is this not a failure to repair specification?" There was a discussion between the military judge, the trial counsel and the defense counsel, that concluded with:

> MJ: . . . I am going to treat Charge II and its Specification as a violation of Article 86, failure to report. Any questions?
>
> TC: No, Your Honor
>
> DC: No, Your Honor
>
> MJ: Any objections?
>
> TC: No, Your Honor
>
> DC: No, Your Honor

---

[1] In the PTA, appellant agreed to plead guilty to all charges and specifications except Specifications 3 through 6 of Charge IV. As part of the PTA to refer the case to a special court-martial, the convening authority dismissed those specifications and they were never referred to trial.

> MJ: So to be clear, while [appellant] has plead [sic] guilty
> to failure to obey a lawful order, I am going to treat
> Charge II and its Specification as though it is
> Specification 12 of Charge I . . . .

There was no discussion of the elements of Article 86, UCMJ, as it applied to this new specification. No one amended the charge sheet, nor was new language proposed. When the military judge announced the findings he announced: "guilty to all charges and their specifications." The result of trial and the promulgating order do not reflect a finding of not guilty to Charge II or a finding of guilty by exceptions and substitutions.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

The accused must admit every element of the offense to which he pleads guilty. *See* R.C.M. 910(e) discussion. A providence inquiry must set forth, on the record, the factual basis that establishes the acts of the accused constituted the offense to which he is pleading guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). Where appellant only admits to the elements, and the totality of the inquiry fails to clarify the factual basis to support appellant's actions, the plea is improvident. *See United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002).

Appellant argues the military judge abused his discretion by accepting his guilty plea because cannabidiol is not a listed substance. At trial, appellant argued this issue as one of failure to state an offense. The military judge correctly ruled that it was not a failure to state an offense,[2] but instead was an issue subject to proof. The government would have had to prove beyond a reasonable doubt that

---

[2] To state an offense the specification must: (1) allege the essential elements of the offense, either expressly or by necessary implication; (2) provide notice to the accused of the offense so he can defend against it; and (3) give sufficient facts to protect against double jeopardy. *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994).

cannabidiol was a Schedule 1 listed substance. Appellant chose to plead guilty. As part of that guilty plea he knowingly waived his right against self-incrimination and relieved the government of their burden. As part of his plea he stated cannabidiol was a derivative of marijuana both in court and in a stipulation of fact. There is nothing in the record that controverts this fact.

There is evidence in the record the military judge found appellant not guilty of Charge II. Specifically, the military judge clearly stated that he would treat Charge II as an additional specification of Article 86, UCMJ, and not of disobeying a noncommissioned officer. When he announced the findings, the military judge failed to do this. There is no evidence in the record that the charges were renumbered or that a new specification for Charge I was created.

The announced verdict was guilty to all charges and specifications. This announced finding is in conflict with the colloquy on the record. The military judge did not find appellant provident to Charge II as drafted and did not create a substitute to which appellant was found guilty. Under Article 66, UCMJ, this court does not have the authority to review specifications where an appellant was found not guilty. Insofar as the announced verdict included a finding of guilty to Charge II, we disagree.

## CONCLUSION

After consideration of the entire record, the finding of guilty of the Specification of Charge II is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the court AFFIRMS the sentence.

The action and promulgating order fail to reflect that appellant was awarded 105 days of confinement credit. Appellant is hereby credited with 105 days of confinement credit, which shall be applied against his approved sentence to confinement. *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4