# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, ALDYKIEWICZ, and EWING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class DAVID L. JORDAN**
**United States Army, Appellant**

ARMY 20180003

Headquarters, First Cavalry Division
G. Bret Batdorff, Military Judge
Colonel Emily C. Schiffer, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Tiffany D. Pond, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Austin I. Price, JA (on brief).

13 June 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

Appellant contends that the specification for his sole conviction failed to state an offense.  We disagree and affirm.[1]

---

[1] Contrary to appellant's plea, a military judge sitting as a general court-martial convicted appellant of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [UCMJ].  The convening authority approved the court's adjudged sentence of a dishonorable discharge, confinement for eighteen months, and reduction to the grade of E-1.

Appellant's second assignment of error alleges the government's evidence was factually insufficient to sustain his conviction.  This claim warrants neither discussion nor relief.  We are personally convinced of appellant's guilt beyond a

(continued . . .)

JORDAN—ARMY 20180003

The specification at issue reads as follows:

> In that [appellant] U.S. Army, did, at or near Fort Hood, Texas, on or about 9 December 2016, commit a sexual act upon PFC [TH], to wit: placing his mouth on PFC [TH]'s penis, by causing bodily harm to him, to wit: placing his mouth on PFC [TH]'s penis.

Appellant contends that the phrase "mouth *on* . . . penis" (emphasis added) does not describe a sexual act, because it fails to allege penetration of the mouth by the penis, as required by Article 120(g)(1)(A). The "to wit" language in this specification could have been more artfully drafted.[2] Nevertheless, we agree with the military judge that the specification "either expressly or by necessary implication": (1) alleged every element of the offense; (2) put appellant on notice that he needed to defend against the sexual act of placing his mouth on PFC TH's penis, causing penetration; and (3) protected appellant from double jeopardy. *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994); *see also United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) ("'A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication.'" (quoting Rule for Courts-Martial 307(c)(3))). The specification's use of the term "sexual act" carried with it the applicable definition of "contact between the penis and the . . . mouth, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight." Article 120(g)(1)(A).

Moreover, we agree with the military judge that the word "mouth" refers to the "oral cavity" on the "inside of the human head," and thus "to access [the mouth], there must be a penetration, however slight, of it." Our sister courts have come to the same conclusion in similar cases. *See, e.g., United States v. Ruppel*, 45 M.J. 578, 587-88 (A.F. Ct. Crim. App. 1997) (upholding a forcible sodomy conviction, and explaining that the victim "did not say that she put her lips on [appellant's] penis. Rather, she used the word mouth. Using the common understanding of the word mouth, if [the victim] put her mouth on appellant's penis, there is a penetration of the lips."); *United States v. Cox*, 23 M.J. 808, 818 (N.M.C.M.R. 1986) (penetration past lips but not past teeth is sufficient to prove sodomy); *United States*

---

(. . . continued)
reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find that appellant's *Grostefon* matters do not warrant discussion or relief.

[2] For example, the "to wit" language could have read: "placing PFC TH's penis inside [appellant's] mouth, causing PFC TH's penis to penetrate [appellant's] mouth," or words to that effect.

JORDAN—ARMY 20180003

*v. Escamilla*, NAVY 201400168, 2015 CCA LEXIS 157, at *2-3 (N.M. Ct. Crim. App. 23 Apr. 2015) (finding sufficient evidence of sexual assault in a factually similar case, where the specification alleged that the appellant committed a sexual act by "placing his mouth on [the victim's] penis)."

## CONCLUSION

The findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court